UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT W. COX, JR.,

        Petitioner,

v.                         Case No: 2:11-cv-439-Ftm-29UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____/

## OPINION AND ORDER

Robert W. Cox, Jr. ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 by filing a petition (Doc. 1). Upon consideration of the petition and the supporting memorandum of law (Doc. 2), the Court ordered Respondents to show cause why the relief sought in the petition should not be granted (Doc. 7). Thereafter, Respondents filed a response in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Doc. 13). Petitioner filed a reply to the response (Doc. 16).

In the petition, Petitioner alleges that: (1) trial counsel rendered ineffective assistance for failing to request a continuance when he had reasonable grounds to believe that Petitioner may have been incompetent to stand trial; and (2) appellate counsel was ineffective for failing to comprehend and

argue that the trial court abused its discretion when it did not evaluate Petitioner for competency (Doc. 2 at 2-6).[1]

Because this Court can "adequately assess [Petitioner's] claims without further factual development," an evidentiary hearing will not be conducted. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Upon due consideration of the petition, the response, the reply, and the state court record, this Court concludes that both claims in the petition should be denied.

## I.   Background and Procedural History

On September 5, 2007, Petitioner was charged by information in state court case number 07-CF-19120 with burglary of a dwelling; possession of burglary tools; and resisting an officer

---

[1] In his supporting memorandum of law, Petitioner raises numerous issues of trial court error regarding the court's failure to properly evaluate his competency to stand trial (Doc. 2). Respondents argue that the majority of Petitioner's claims are not exhausted due to Petitioner's failure to raise the constitutional dimension of those claims in state court (Doc. 13). In his reply, Petitioner moves to dismiss all of his unexhausted claims, but states that the "failure to reach the merits of ineffectiveness of counsel on his first appeal will result in a miscarriage of justice on the merits under 28 U.S.C. 2254(b)(2)" (Doc. 16 at 1). Although it is unclear whether Petitioner asserts that this Court should review the ineffective assistance of trial counsel claims raised on direct appeal or whether he now raises a claim of ineffective assistance of appellate counsel, the Court will construe Petitioner's pleadings liberally and will address both ineffective assistance claims raised by Petitioner. However, because Petitioner moves to dismiss all other claims, the issues of trial court error raised in his memorandum of law are deemed abandoned and will not be addressed.

without violence (Vol. 1).[2] On January 22, 2008, Petitioner was charged in case number 07-CF-022312 with burglary of a dwelling and grand theft (Vol. 2).[3]

On August 6 and 10, 2009, Petitioner was tried by jury on case number 07-CF-19120.  He was found guilty of the lesser offense of burglary of a structure and with resisting arrest without violence.  Petitioner was acquitted of the possession of burglary tools charge (Vol. VII at 361-62).  He was sentenced to five years in prison to run concurrently with a fifteen year sentence imposed in case number 07-CF-22312 (Vol. IV at 80, 84-85).

Petitioner appealed, arguing, *inter alia*, that defense counsel had been ineffective for failing to request a continuance when the trial court did not conduct a competency hearing after it appointed an expert to evaluate Petitioner's competency (Ex. 8 at 5).[4]  Florida's Second District Court of

---

[2] Unless otherwise noted, references to volume numbers (Vol. __ at __) and exhibits (Ex. __ at __) are to those filed by Respondents on January 26, 2012 (Doc. 14).

[3] Only case number 07-CF-19120 is under attack in the instant petition. Petitioner has filed a separate 28 U.S.C. § 2254 petition challenging his conviction in 07-CF-022312 (Middle District of Florida Case no. 2:13-cv-65-FtM-29SPC). Case no. 2:13-cv-65-FtM-29SPC has been administratively closed pending a state court ruling on a pending Rule 3.850 motion in that case.

[4] On the title page of his appellate brief for case number 07-CF-19120, Petitioner listed case number 07-CF-22312 (Ex. 8).

3

Appeal *per curiam* affirmed Petitioner's conviction and sentence (Ex. 11).

Petitioner did not file a Rule 3.850 motion or a state habeas petition alleging ineffective assistance of appellate counsel in regards to case number 07-CF-19120.

## II. Governing Legal Principles

### a. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the

---

However, after reading the brief, it is apparent that Exhibit 8 refers to case number 07-CF-19120.

decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S.

63, 75-77 (2003) (citation omitted); <u>Mitchell</u>, 540 U.S. at 17-18; <u>Ward</u>, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see</u> <u>e.g.</u> <u>Miller-El</u>, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### b. *Standard for Ineffective Assistance of Counsel*

In <u>Strickland v. Washington</u>, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness

6

and that the deficient performance prejudiced the defense. Id. Because both parts of the Strickland test must be satisfied in order to demonstrate a violation of the Sixth Amendment, a district court need not address the performance prong if the petitioner cannot meet the prejudice prong, or vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.   In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.   Indeed, the petitioner bears the burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny.   Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"

Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### c. Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> > (B)

8

> > (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (2012).

Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Conner, 404 U.S. 270, 275-76 (1971)).  The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).  In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner

actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750.  If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999).  To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson, 353 F.3d at 892.

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]"  Murray v. Carrier, 477 U.S. 478, 479-80 (1986).  Actual innocence means factual innocence, not legal insufficiency.  Bousley v. United

10

<u>States</u>, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.   <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).   In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

## III. <u>Analysis</u>

### a.  *Claim One*

Petitioner asserts that "trial counsel rendered ineffective assistance for failing to request [a] continuance on Petitioner's competency [and by] allowing him to proceed to trial while incompetent after Counsel had reasonable grounds to believe that Petitioner may be incompetent." (Doc. 2 at 4). Specifically, Petitioner asserts that counsel failed to follow Rule 3.210(b) of the Florida Rule of Criminal Procedure by ensuring that the court appoint "two or more" experts; by failing to ensure that a competency hearing was held; and by failing to recognize that the appointed doctor failed to evaluate Petitioner when requested to do so (Doc. 2 at 4).

Petitioner raised this issue on direct appeal (Ex. 8), and the State argued in its answer brief that counsel's ineffectiveness would be more appropriately addressed during

post-conviction proceedings (Ex. 9 at 12).  The State further argued that Petitioner's claim warranted no relief because he had not indicated the results of any competency evaluation, the benefits of further examinations, or that any error had occurred in his initial evaluation.  Id.  Petitioner replied that ineffective assistance of trial counsel claims can be raised on direct appeal if the claims of error are apparent on the face of the record (Ex. 10 at 5).  In its order affirming Petitioner's conviction, the Second District Court of Appeals did not explain whether it affirmed based on the State's procedural arguments or on the State's assertion that the claim would fail on the merits (Ex. 11).

Respondents now urge that any substantive claim of ineffective assistance of counsel is unexhausted because an ineffective assistance of counsel claim cannot be raised for the first time on direct appeal (Doc. 13 at 16-17).  However, the record does not establish that the state court of appeal relied on a state procedural bar in denying Petitioner's ineffective assistance of counsel claim.  The doctrine of procedural default does not bar consideration of a federal claim unless the state court "clearly and expressly" states that its judgment rests on a state procedural bar. Harris v. Reed, 489 U.S. 255, 263 (1989).  Additionally, the U.S. Supreme Court has held that a petitioner may raise ineffective assistance of counsel claims in

a collateral proceeding even if procedurally defaulted. <u>Massaro</u> <u>v. United States</u>, 538 U.S. 500 (2003). Accordingly, the Court will address this claim on the merits. However, Petitioner is entitled to no relief on this claim because he has not satisfied <u>Strickland</u>'s prejudice prong.

On May 28, 2008, trial counsel filed a motion for the appointment of an expert to "assist in the preparation of defense" for both cases 07-CF-19120 and 07-CF-22313 (Ex. 3). The motion stated that "Defendant may be incompetent to proceed at trial, and it appearing that an expert should be appointed in this regard" and that "the resulting evaluation is reportable <u>only</u> to defense counsel and is within the attorney client privilege." (Ex. 3) (emphasis in original). The motion was granted, and Dr. Frederick Schaerf was appointed to examine Petitioner (Ex. 4). The record does not include the results of any mental health evaluation, nor was Petitioner's competence raised by defense counsel at any other time.

In his brief on appeal, Petitioner urged that counsel was ineffective because, although counsel filed the motion to appoint an expert to assist the defense, no competency hearing was conducted, and "[t]here [was] no tactical explanation for failing to move for a continuance because a defendant may not be subject to a criminal trial while possessing mental defects

which prevent full understanding of the proceeding against him or her." (Ex. 8 at 6).

Under Strickland, even if trial counsel's failure to raise the issue of competence to the trial court was unreasonable, counsel's performance would only be constitutionally ineffective upon a showing of prejudice, which requires a showing that the Petitioner was actually incompetent during the relevant time period. See e.g. Robidoux v. O'Brien, 643 F.3d 334, 338-39 (1st Cir. 2011)(analyzing an alleged failure to request a competency hearing under Strickland and requiring a showing of prejudice).

In Futch v. Dugger, 874 F.2d 1483 (11th Cir. 1989), the United States Court of Appeals for the Eleventh Circuit considered an ineffective assistance claim regarding trial counsel's failure to determine the petitioner's competency to stand trial. The court stated, that "[i]n order to demonstrate prejudice from counsel's failure to investigate his competency, [a] petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'" Id. at 1487 (quoting Alexander v. Dugger, 841 F.2d 371, 375 (11th Cir. 1988)).

Notably, Petitioner did not allege in his appellate brief, nor does he do so in the instant petition, that he was actually incompetent to proceed – only that counsel should have moved for

14

a continuance so that he could receive additional mental health evaluation. Petitioner argues that he cannot say what additional psychological testing would have revealed because no competency evaluation was conducted in the first place (Doc. 2 at 6). This argument is unavailing. A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693. He cannot satisfy the second prong of Strickland with mere speculation and conjecture, Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992), and conclusory allegations are insufficient to obtain habeas relief. Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, Petitioner has presented no evidence that, even had counsel requested a continuance, a competency hearing would have resulted or that he would have been found incompetent to proceed. See Pate v. Robinson, 383 U.S. 375, 385-86 (1966) (A trial judge must conduct a *sua sponte* sanity hearing only when the defendant's conduct and the evidence raises a "bona fide doubt" regarding the defendant's competence to stand trial.). Further, nothing in the record indicates that Petitioner was incompetent at the time of his trial.

Petitioner has not demonstrated prejudice from counsel's failure to move for a competency hearing. Accordingly, this Court need not address Strickland's performance prong. Holladay,

15

209 F.3d at 1248.  This claim fails under Strickland's prejudice prong and is denied pursuant to 28 U.S.C. § 2254(d).

### b.  *Claim Two*

Petitioner asserts that "Florida's Second District Court of Appeal abused [its] discretion by affirming Petitioner's judgment of conviction and sentence without directing Petitioner's direct appeal counsel to submit supplemental briefing with respect to ineffective assistance of trial counsel." (Doc. 2 at 4).

To the extent Petitioner is attempting to raise an ineffective assistance of appellate counsel, such a claim is not exhausted. "[T]he state prisoner must give the state court an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner has met the exhaustion requirement once his federal claims has been fairly presented to the state courts. Heath v. Jones, 863 F.2d 815, 818 (11th Cir. 1989). The proper method by which to raise a claim of ineffective assistance of appellate counsel is by petition for writ of habeas corpus directed to the appellate court which considered the direct appeal. Smith v. State, 400 So.2d 956 (Fla. 1981).

Petitioner filed no state habeas petition in this case. Further, he has not alleged cause for the default of this claim

nor do the facts suggest that Petitioner is "actually innocent" so that the fundamental miscarriage of judgment exception would apply.  Accordingly, Petitioner's claim is unexhausted and any attempt to return to state court to file a state habeas petition would be futile because such petition would be barred by Florida's two year statute of limitation. <u>See</u> Fla. R. App. P. 9.140(j)(3).  Claim Two is dismissed as unexhausted and procedurally defaulted.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

**IV.  Certificate of Appealability**

Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

17

further.'" <u>Miller-El</u>, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) filed by Robert W. Cox, Jr. is **DENIED** as to Claim One**,** and is **DISMISSED WITH PREJUDICE** as to Claim Two.

2. Petitioner is **DENIED** a Certificate of Appealability.

3.  The Clerk of the Court is directed to enter judgment accordingly and to close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of September, 2013.

John E Steele

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA:  OrlP-4 8-23
Copies to:  All parties of record